UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIRIAM AMAYA** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1758** |
| **HOLIDAY INN NEW ORLEANS –** **FRENCH QUARTER, ET AL.** | **SECTION "I"** |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant, Cody Odom ("Odom"), and a motion[2] to remand filed by plaintiff, Miriam Amaya ("Amaya"). Amaya opposes Odom's motion to dismiss.[3] Other defendants named in Amaya's petition include FelCor Lodging Trust, Inc., InterContinental Hotels Group Resources, Inc., and BHR Lodging Tenant Company ("defendants"). Odom and defendants oppose Amaya's motion to remand.[4] For the following reasons, Amaya's motion to remand is **GRANTED** and Odom's motion to dismiss is **DISMISSED AS MOOT**.

### *BACKGROUND*

This case arises out of injuries that Amaya, a citizen of Louisiana, allegedly suffered when she was sexually assaulted by two male "hotel guests and/or patrons" on the sixteenth floor of the Holiday Inn located at 124 Royal Street, New Orleans, Louisiana.[5] Amaya alleges that

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 13.
[3] R. Doc. No. 16.
[4] R. Doc. No. 25.
[5] R. Doc. No. 1-1, ¶ IV.

hotel management received complaints about individuals on the sixteenth floor prior to her assault and that management failed to respond with adequate security measures.[6]

On June 13, 2011, Amaya filed this lawsuit against defendants in the Civil District Court for the Parish of Orleans, State of Louisiana (*Miriam Amaya v. Holiday Inn New Orleans – French Quarter, et al.*, no. 2011-6223) seeking to recover damages for her alleged injuries.[7] Amaya named Odom, a citizen of Louisiana and the general manager of the hotel at the time of her alleged injuries, as a defendant.[8] On July 20, 2011, all named defendants except Odom filed a notice of removal and stated that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because all parties are diverse.[9] On removal, defendants argued that Odom's citizenship is irrelevant because he was "fraudulently" joined in this lawsuit.[10] (The Fifth Circuit now refers to this doctrine as "improper joinder." *See Smallwood v. Illinois Cen. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004)).

In his motion to dismiss, Odom argues that Amaya has failed to plead any allegations that would make Odom, who was allegedly only carrying out his general administrative duties as a hotel employee, personally liable to Amaya pursuant to the test set forth in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). Accordingly, Odom contends that he must be dismissed from this case.

In her motion to remand, Amaya asserts that she has alleged that Odom had personal knowledge of the security danger created by the two guests and that he failed to cure the risk of

---

[6] R. Doc. No. 1-1, ¶¶ V, VI, and VII.
[7] R. Doc. No. 1-1.
[8] R. Doc. No. 1-1-, ¶ II.  Amaya's petition also named Holiday Inn New Orleans – French Quarter as a defendant. According to defendants' notice of removal, Holiday Inn New Orleans – French Quarter "is not a corporation, partnership or individual and therefore cannot be sued in that name."  R. Doc. No. 1, pp. 4-5.
[9] R. Doc. No. 1, p. 3.
[10] R. Doc. No. 1, pp. 3-4.

2

harm. Consequently, Amaya argues that the defendants cannot demonstrate that there is no possibility that Amaya may recover against Odom and that Odom is not improperly joined. Amaya maintains that, because Odom is properly joined, the parties are not completely diverse and this court lacks subject-matter jurisdiction.

*LAW*

### I. Improper Joinder

When a non-diverse party is properly joined as a defendant, a federal court lacks subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332 and the case may not be removed from state court. However, a defendant may remove the case by showing that the non-diverse party was improperly joined. *R.C. Tippen v. Republic Fire and Cas. Ins. Co.*, 2007 WL 4219352, at *2 (E.D. La. Nov. 28, 2007) (Vance, J.) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003)).

A defendant may establish improper joinder by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Id.* (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)). As defendants have not alleged actual fraud in the plaintiff's pleading of jurisdictional facts, the Court will consider only the second test for improper joinder.

Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* In order to show that the plaintiff is unable to establish a cause of action against the non-diverse defendant, the defendant claiming improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against

3

an in-state defendant." *C.S. Gaidry, Inc. v. Union Oil Co. of Cal.*, 2009 WL 2765814, at *2 (E.D. La. Aug. 27, 2009) (Vance, J.) (quoting *Smallwood*, 385 F.3d at 573).

The Court may use two different methods to assess the viability of plaintiff's claim against the non-diverse party. *Id.* First, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573). Such analysis will typically be determinative. *Id.* Nevertheless, if it is apparent that the plaintiff has "misstated or omitted" determinative facts that would establish whether joinder was proper or improper, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (quoting *Smallwood*, 385 F.3d at 573). In conducting such inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Additionally, the Court must resolve all ambiguities of state law in favor of the non-removing party. *Id.*

## II. 12(b)(6) Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

> plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief. " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## *DISCUSSION*

Under Louisiana law, an employee, "like all persons, has a general duty to exercise due care so as to avoid injuries to third persons." *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994) (citing *Canter*, 283 So.2d at 722 n.7 (La. 1973)). Furthermore, in *Canter*, the Louisiana Supreme Court held that an employee can also be held individually liable to a customer if "he has a personal duty to the plaintiff that he breaches." *Broussard v. Dayton-Hudson Corp.*, 1996 WL 251840, at *1 (E.D. La. May 10, 1996) (citing *Canter*, 283 So.2d at 721)). The four-part test for determining whether an employee has breached a personal duty to the plaintiff is enunciated in *Canter*:

5

>  (1) The employer must owe a duty of due care to the customer;
>
>  (2) this duty must be delegated by the employer to the particular employee;
>
>  (3) the employee must breach this duty through his own personal fault; and
>
>  (4) personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of the employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Id.* (citing *Canter*, 283 So.2d at 721).

Odom argues that Amaya has not satisfied the *Canter* criteria because her "allegation of negligence is rooted in his general administrative duties at the Hotel."[11] Accordingly, Odom asserts that because Amaya does not allege that Odom in any way breached a personal duty to her under factor (4), Amaya has failed to state a claim against him.[12] Amaya responds that in paragraphs VI and VIII of her petition, she alleged that Odom had a personal duty to her and that he breached that duty, resulting in her alleged injuries. Amaya argues that she alleged that Odom had "personal knowledge" of the security problems that the two males had caused and failed to act to remedy the danger.[13] Odom and defendants respond that these paragraphs do not allege that Odom had personal knowledge of the security problems at the hotel.[14]

Odom and defendants do not read paragraph VIII in its entirety. The section of the petition discussing Odom's negligence in paragraph VIII is followed by an eleven-point bulleted list which asserts that Odom had knowledge of the security problems on the sixteenth floor. The petition further alleges the ways in which Odom failed to take necessary precautions that could

---

[11] R. Doc. No. 6-1, p. 5.
[12] R. Doc. No. 25, pp. 4-5.
[13] R. Doc. No. 13-3, p. 2.
[14] R. Doc. No. 25, pp. 3-4.

have protected Amaya from the alleged assault.[15] Though Amaya's petition is not an exemplar of clear legal writing, liberally construing the allegations in a light most favorable to the plaintiff, the Court finds that paragraph VIII alleges that Odom had personal knowledge and that he failed to act on that knowledge. An employee who has personal knowledge of a danger and fails to cure the risk of harm may be liable for a plaintiff's injuries under *Canter*. *Creppel v. Apache Corporation*, 2004 WL 1920932, at *3-4 and *3 n.1 (E.D. La. Aug. 25, 2004) (Vance, J.).[16]

Odom and defendants have a heavy duty to show that Odom was improperly joined. *R.C. Tippen*, 2007 WL 4219352, at *2. The issue for the Court is not whether Odom will be held ultimately liable for the acts alleged, but whether, based on the face of the petition, Amaya has "no possibility of recovery" against Odom. *C.S. Gaidry*, 2009 WL 2765814, at *2. The Court cannot conclude that Amaya has no possibility of recovery against Odom under Louisiana law and Odom and defendants have not satisfied their heavy duty to demonstrate that Odom was improperly joined. Consequently, Odom's joinder in this case was proper and removal was inappropriate. *Adams v. Southwood Realy*, 2005 WL 3543935, at *3 (E.D. La. Oct. 17, 2005) (Fallon, J.). This Court lacks subject-matter jurisdiction and Amaya's motion to remand is **GRANTED** and Odom's motion to dismiss is **DISMISSED AS MOOT**.

### *REQUEST FOR ATTORNEY'S FEES*

Amaya urges this Court to award her attorney's fees and costs incurred as a result of the defendants' removal of this case.[17] Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the

---

[15] R. Doc. No. 1-1, ¶ VIII a. – j.
[16] As the court noted in *Creppel*, Odom and defendants have not submitted any evidence that Odom, as the hotel's manager, had only general duties regarding safety in the hotel and that he was not responsible for monitoring the sixteenth floor after being put on notice of the security problem. *Creppel*, 2004 WL 1920932, at *3-4 and *3 n.1. Odom and defendants also do not put forth any evidence that Odom did *not* have personal knowledge of the events on the sixteenth floor. *Id.*
[17] R. Doc. No. 13-3, p. 12.

case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141. Amaya does not argue that such "unusual circumstances" exist that would entitle her to costs and attorney's fees.

This Court must "evaluate the objective merits of removal at the time of removal irrespective of the fact that it might ultimately be determined that removal was improper." *Mississippi Louisiana Dirt Co., L.L.C. v. B & S Equipment Co., Inc.*, 2010 WL 1729423, at *5 (E.D. La. Apr. 23, 2010) (Africk, J.) (citing 28 U.S.C. § 1447(c)). It is within this Court's discretion whether to award costs and attorney's fees. Defendants had an objectively reasonable basis for removal and Amaya provides no argument regarding why the "unusual circumstances" of this case justify such an award. Accordingly, the Court declines to exercise its discretion to award Amaya costs and attorney's fees and Amaya's request for costs and attorney's fees is **DENIED**.

## *CONCLUSION*

Accordingly,

For the forgoing reasons, **IT IS ORDERED** that Amaya's motion to remand is **GRANTED** and that this cause of action is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, because of a lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Amaya's request for costs and attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED** that Odom's motion to dismiss is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants' motion[18] for leave to file a supplemental and amending answer and third-party demand is **DISMISSED AS MOOT**.

New Orleans, Louisiana, September 14, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[18] R. Doc. No. 28.